And we'll turn now to the final case on our calendar. Lynn King v. State of New York Thank you. My name is Louis Oliver for Mrs. King. And our contention here is that Domestic Relations Law 170 Subdivision 7 that allows divorce in New York just based on irreconcilable differences for a period of six months is unconstitutional as applied to this case where Mrs. King has a deeply held religious belief that can't be questioned on this record that marriage is a sacred covenant until death do us part. And to me the thing that is compelling about this area of the law which is, and I think that the Supreme Court is expanding the rights of persons to Mr. Oliver, I don't understand the religious aspect of the marriage is unaffected by New York Domestic Relations Law provisions that the religious part of her marriage is unaffected by the New York State Domestic Relations Law. Whatever the state does or doesn't do with respect to divorce does not in any way bind a religious organization who can say we don't care what the New York State says you have to get an annulment you have to do something else if you want to undo your religious marriage. So how is that? This distinction that you're talking about, Judge this distinction between a religious marriage and a civil marriage is imaginary it's fictional, it's totally made up and it shouldn't be recognized by this court because as Justice Glitches has said hold on, go ahead go ahead Judge Galbraithson Counsel, you say it's fictional but it is the essence of the law in most countries and here religious marriages are allowed to be performed by judges and so on and civil marriages are allowed to be performed by clergy people but basically the religious marriage is something between the parties it's a sacrament between the parties and that can't be broken if you believe that regardless of what the state says a marriage was or was not this distinction between a religious marriage and a civil marriage is imaginary there is no distinction and it's a made up distinction and I think that Justice Counsel, let me ask you something else even if we assumed what you said was right the Supreme Court in Smith held the laws of general application applied even when they affected religious they have backed off in some individual case but Smith is still the law and in a court of appeals we are bound to follow it so that even if your argument about the difference were there aren't we bound to follow Smith and uphold the law? Well Smith, everybody agrees that Smith is dead now six of the justices of the Supreme Court I agree but the Supreme Court has told us that until the Supreme Court gets rid of a case we follow that law however much they think is right so maybe you can come back in two years and tell us it's no longer the law but at the moment it's still there Well the Supreme Court six of the judges have said Smith should be changed and sometimes the circuit courts pitch in and they have a contribution to me about the advancement of the law the Supreme Court is looking for Counsel Yes May I remind you that Justice Scalia in his opinion when he said that we had to follow the Supreme Court decision even when it had been undercut made specific reference to a case which was the law before when six members of the court had said it was no longer the law and therefore the lower court didn't follow it and it was that that Justice Scalia said was wrong so your point about six people having said that was exactly what Justice Scalia said and it does not allow us to act  Mr. Calvo let me ask you this you're suggesting that because your client religiously believes that marriage is until death do you part because your client believes that marriage is until death do you part that a state can pass no divorce law that allows someone to be to divorce from her even though they don't want to be unconstitutional right unconstitutional is that your argument not in every because if that's your argument not in cases where there's you know abuse forget about that a person who doesn't want to be married anymore you have a non-consenting adult who says I don't want to be in this marriage anymore that would be establishing your client's religion as the law of the land over a domestic relations law your client's religious beliefs by staying married and no state could say otherwise that would be ridiculous Justice Thomas has addressed that issue and Justice Thomas pointed out that in many cases where individuals assert their religious belief under the free exercise clause that the government comes up and says oh no if you do that you're establishing religion and you can't do that and Judge Sharp in the court below he expressed that idea but that's and not only that in this case Mr. King never answered the complaint we don't know what Mr. King's position is it's the state who is here to defend the law Mr. King never said anything about his we don't know anything about his religious beliefs or whether he has any objection in that matter at all Thank you Ms. Tolliver very much we'll hear from Ms. McAfee Ms. McAfee You've reserved one minute Ms. Tolliver Good afternoon Your Honors may it please the court Kate Nevue for the State Appellees Your Honors as the court has noted there is a distinction between the legal civil marriage that the state creates by statute and administers and a religious agreement that the parties that people may or may not come to in addition to that I'd like to note that the concept of marriage as a civil contract dates to at least the 1800s based on the Supreme Court's decisions in Reynolds and Maynard in 1878 and 1888 there is no case that has ever supported the position that plaintiff has taken and plaintiff also cannot point to any actual majority opinion of the Supreme Court of the United States that would argue in favor of the position that's being taken here therefore the court below is correct that there is no standing because plaintiff has no legally cognizable interest in remaining married to somebody who is unwilling to be married unless the court has further questions we will rest on our brief and ask that the decision below be affirmed thank you counsel thank you Mr. Oliver has reserved one minute the concurring opinion by Justice Gorsuch which Justice Thomas joined in that I cited in my brief says that what good or what meaning is a religious belief if you cannot act on it and the Supreme Court has consistently held over the years beginning with Cantwell v. Connecticut and I will go through all those cases that religious beliefs in order to be meaningful you have to be able to act on them belief without action is a denial of religious belief and in this case the action that is required to to implement Mrs. King's religious belief is to declare the statute unconstitutional as applied to the facts in her case where there has been a religious marriage and both of them took a solemn sacred oath under God to remain married until they died Thank you Mr. Hoffer very much We'll reserve decision and we are adjourned Court is adjourned